UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-21509-CIV-COOKE/BANDSTRA

WILLIAM GIL-PERENGUEZ,

    Plaintiff

vs.

UNITED STATES OF AMERICA,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS CASE is before me on the United States of America's (the "Government") Motion to Dismiss. (ECF No. 12). I have reviewed the record, the arguments and the relevant legal authorities. For the reasons explained below, the Government's Motion to Dismiss is granted.

### BACKGROUND[1]

In or about June 2006, the Drug Enforcement Agency ("DEA") and Immigration and Customs Enforcement agents stationed in Miami, Florida, along with the Direccion Antinarcotics Heroin Group of the Colombian National Police (the "CNP") began investigating a drug trafficking scheme whereby Columbian nationals were importing cocaine and heroin into the Miami International Airport through cargo planes arriving from Columbia. The CNP headed the

---

[1] The pertinent facts giving rise to Plaintiff's cause of action occurred in Columbia. These facts also form the basis for criminal case *United States v. Gil-Perenguez, et al.*, Case No. 07-20490-DLG. According, the facts of this section are taken from the criminal record in Case No. 07-20490, the Government's Motion to Dismiss (ECF No. 12) and Plaintiff's Response to the Government's Motion to Dismiss (ECF No. 22). Where possible, this Court incorporates any and all relevant facts from Plaintiff's Complaint, accepts them as true, and resolves them in the light most favorable to Plaintiff. *See Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1988).

investigation in Columbia. As part of the cooperative agreement between the DEA and the CNP, the Columbian courts authorized a wiretap in an effort to further facilitate the investigation. The CNP recorded several phone calls between two individuals who went by the names of "Niency" and "Willy" who discussed the specifics of using the cargo planes to traffic drugs from Cali, Columbia to Miami, Florida. At the time of the investigation, Plaintiff worked for a cargo company that loaded flights from Cali, Columbia to the Miami International Airport. CNP agents determined Plaintiff to be the "Willy" on the recorded calls. CNP investigators relayed this information to DEA agents located in Columbia and Miami, Florida. Based on the CNP's investigative conclusion, the Government indicted Plaintiff on June 22, 2007, and charged him with several counts of importing controlled substances into the United States in violation of 21 U.S.C. §§ 963, 952(a) and 853.

On August 9, 2007, the Government executed a Provisional Arrest Warrant and arrested Plaintiff in Palmira, Columbia with the assistance of the CNP and Bogota, Columbia DEA agents. Plaintiff was then transferred to a Columbian prison located in Boyacá, Columbia where he remained incarcerated for one year. On or about September 2, 2008, Plaintiff was extradited to the United States and detained at the Federal Detention Center in Miami, Florida, pending trial. Throughout the entirety of Plaintiff's incarceration, Plaintiff maintained that he was not the accused "Willy" and that his voice was not the recorded voice on the recorded phone calls.

At the February 6, 2009 trial status conference, Plaintiff's counsel expressed his concern regarding Plaintiff's wrongful prosecution. United States District Court Judge Donald Graham authorized the parties to hire a voice identification expert to determine whether Plaintiff's voice was indeed the voice on the recorded phone calls. On or about February 24, 2009, the Government was informed that Plaintiff's was not the accused "Willy" as originally assumed.

On February 27, 2009, the Government dismissed the indictment against Plaintiff and transported him back to Columbia.

## LEGAL STANDARD

A district Court is powerless to hear a matter where subject matter jurisdiction is lacking. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974-75 (11th Cir. 2005). A plaintiff bears the burden of establishing subject matter jurisdiction. *Sweet Pea Marine, Ltd., v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n. 2 (11th Cir. 2005). A defendant bringing a motion to dismiss under Fed. R. Civ. P. 12(b)(1) may assert a "facial attack" to jurisdiction whereupon the court will look to the complaint to determine whether the plaintiff has sufficiently alleged subject matter jurisdiction. *Lawrence v. Dumbar*, 919 F.2d 1525, 1528 (11th Cir. 1990). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion – the court must consider the allegations of the complaint to be true." *Id.* at 1529.

## DISCUSSION

On May 10, 2010, Plaintiff filed a six-count Complaint against the Government seeking damages based upon the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). The FTCA enables a plaintiff to recover for injuries sustained as the result of the Government's wrongful or negligent conduct. *Newmann v. United Statres*, 938 F.2d 1258, 1261 n. 2 (11th Cir. 1991). Plaintiff alleges that he was indicted, arrested and detained without probable cause and that the Government had a duty to conduct a minimal investigation to ensure Plaintiff was the individual guilty of the crime charged. The Government argues that Plaintiff's claims should be dismissed because the Court lacks subject matter jurisdiction.

Federal courts have exclusive jurisdiction over FTCA claims. 28 U.S.C. § 1346(b). An FTCA claim is decided under the law of the place in which the wrongful or negligent conduct

occurred rather than the place where the conduct had its operative effect. *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 700 (2004). Pursuant to 28 U.S.C. § 2680(k), a court cannot exercise of jurisdiction over "[a]ny claim arising in a foreign country." 28 U.S.C. 2680(k). Plaintiff's FTCA claims are premised on the CNP investigations that lead to Plaintiff's arrest in Columbia. Accordingly, this Court does not have subject matter jurisdiction to consider this complaint.

## CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that the Government's Motion to Dismiss (ECF No. 12) is **GRANTED**. Plaintiff's Complaint (ECF No. 1) is **DISMISSED** *with prejudice*. The Clerk is directed to **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in chambers at Miami, Florida this 31st day of March 2011.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Counsel of Record*